**Michelle ASERMELY as Assignee of Mark Rendine and Julieanne Bernier**

v.

**ALLSTATE INSURANCE COMPANY.**

No. 98-53-Appeal.

Supreme Court of Rhode Island.

May 5, 1999.

**462**

Robert D. Goldberg, Pawtucket, for Plaintiff.

Dennis D. Bossian, Providence, for Defendant.

**OPINION**

PER CURIAM.

This case came before the Supreme Court on April 7, 1999, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The plaintiff, Michelle Asermely, as the assignee of Mark Rendine and Julieanne Bernier, has appealed from a summary judgment in favor of the defendant, Allstate Insurance Company (Allstate), on counts 1, 3, and 4 of her complaint. After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

The complaint relates to an automobile accident that occurred on July 9, 1984, when Michelle Asermely collided with the rear end of a vehicle operated by Mark Rendine and owned by Julieanne Bernier. At the time of the accident, the Bernier vehicle was insured by Allstate under a policy with a $50,000 limit. The plaintiff commenced suit against Bernier and Rendine, and the matter proceeded to court-annexed arbitration. On or about September 8, 1989, the arbitrator issued an award for plaintiff in the sum of $47,557.37, finding plaintiff 25 percent liable and defendant's insured 75 percent at fault. On September 20, 1989, plaintiff's attorney wrote a letter to the arbitrator advising that "[p]laintiff will accept the award of the arbitrator." The defendant rejected the result of the arbitration and proceeded to trial.

After trial, the jury found for plaintiff, finding plaintiff 60 percent negligent and defendant's insured 40 percent at fault. The total amount of the judgment, including interest, was $86,333.57.[1] The plaintiff alleged that defendant issued a check on January 9, 1990, for $50,000 as "[f]inal settlement of any and all claims arising from bodily injury and property damage caused by accident on

---

1. This judgment included interest on an award of $47,408.56, and for $50.00 in costs.

7/9/84." The plaintiff refused to negotiate this check and instead filed an action for debt on the judgment in Superior Court.[2] Subsequently, Rendine and Bernier assigned their rights to plaintiff. On May 24, 1991, defendant issued a second check for $50,000 without the limiting language of the first check, and plaintiff negotiated the second check.

On May 29, 1991, plaintiff brought this action against Allstate. The plaintiff's complaint as amended contained five counts. Count 1 claimed entitlement to the interest in excess of the policy limits pursuant to G.L.1956 § 27-7-2.2;[3] count 2 alleged that defendant breached its duty to exercise good faith in the handling of plaintiff's claim; count 3 sought damages for defendant's alleged refusal to pay the policy limits of $50,000 until more than one and one-half years following the final judgment; count 4 sought damages based on bad faith under G.L.1956 § 9-1-33; and count 5 alleged breach of contract. The trial justice granted defendant's motion for summary judgment on counts 1, 3, and 4, and plaintiff appealed.

 This Court reviews the granting of a summary judgment on a *de novo* basis. *Marr Scaffolding Co. v. Fairground Forms, Inc.*, 682 A.2d 455, 457 (R.I.1996). "[A]ccordingly, we will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Woodland Manor III Associates v. Keeney*, 713 A.2d 806, 810 (R.I.1998). "Moreover, a party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I. 1996).

In respect to count 1, in order to prove a violation of § 27-7-2.2, plaintiff must show that she made "a written offer to the defendant's insurer to settle the action in an amount equal to or less than the coverage limits on the liability policy in force at the time the action accrues. * * *" Section 27-7-2.2. After examining the evidence, the trial justice found that plaintiff's counsel wrote a letter to the court-annexed arbitration administrator on September 20, 1989, stating that "Plaintiff will accept the award of the arbitrator" and that a copy of this letter was forwarded to defendant. The trial justice concluded, however, that this letter did not satisfy the requirements of § 27-7-2.2 because he found that "[t]he words used 'will accept the award of the arbitrator,' without more, were so ambiguous that it cannot be said as a matter of law to be definite in its terms to constitute an offer." In finding that the wording of the letter was not sufficiently definite, the trial justice noted that plaintiff's counsel testified that his meaning, "when he offered the letter, was to include both the award plus the interest."

 We hold that the trial justice erred in granting summary judgment on count 1 because there existed a genuine issue of material fact as to whether plaintiff's letter constituted a written offer to settle within the policy limits as required by § 27-7-2.2.[4] Accordingly, we vacate the summary judgment on count 1 and remand for trial on the issue of whether plaintiff met the statutory requirements of § 27-7-2.2 by making a writ-

2. *Asermely v. Rendine, et al.*, C.A. No. 90-580.

3. General Laws 1956 § 27-7-2.2 provides:
 "Interest on judgment — Payment by insurer. — In any civil action in which the defendant is covered by liability insurance and in which the *plaintiff makes a written offer* to the defendant's insurer *to settle the action in an amount equal to or less than the coverage limits* on the liability policy in force at the time the action accrues, *and the offer is rejected by the defendant's insurer, then the defendant's insurer shall be liable for all interest due on the judg-* ment entered by the court *even if the payment of the judgment and interest totals a sum in excess of the policy coverage limitation.* This written offer shall be presumed to have been rejected if the insurer does not respond in writing within a period of thirty (30) days." (Emphases added.)

4. If the plaintiff's letter accepted the arbitrator's award plus interest, the total would have exceeded the policy limits.

**464**

ten offer to defendant to settle within the policy limits.

Count 3 of plaintiff's amended complaint alleged that defendant made fraudulent misrepresentations "with the intention of deceiving and inducing the Plaintiff to sign said settlement check * * *." In order for fraudulent misrepresentation or deceit to be found, the complaining party must show not only that the defendant had an intention to deceive, but the complainant also must present sufficient proof that the party detrimentally relied upon the fraudulent representation. *Guglielmi v. Rhode Island Hospital Trust Financial Corp.*, 573 A.2d 687, 690 (R.I.1990); *LaFazia v. Howe*, 575 A.2d 182, 185 (R.I.1990). Here, plaintiff neither alleged nor presented any evidence of detrimental reliance. Rather, the evidence suggests no detrimental reliance, given that plaintiff did not negotiate the first check issued by defendant. We hold, therefore, that the trial justice correctly granted summary judgment for defendant on count 3 of plaintiff's complaint.

Count 4 alleged that defendant disregarded its duty to its insured in bad faith. It is well settled that "[t]here cannot be a showing of bad faith when the insurer is able to demonstrate a reasonable basis for denying benefits." *Rumford Property and Liability v. Carbone*, 590 A.2d 398, 400 (R.I. 1991). If the claim is "'fairly debatable,'" there can be no liability in tort. *Id.* (quoting *Bibeault v. Hanover Insurance Co.*, 417 A.2d 313, 319 (R.I.1980)).

Here, the matter was clearly debatable. The arbitrator found plaintiff 25 percent responsible, and the jury found plaintiff 60 percent responsible. As a matter of law, this issue was debatable. Consequently, the trial justice had sufficient evidence before him to decide that a fairly debatable claim existed and that summary judgment was appropriate. *See Pressman v. Aetna Casualty and Surety Co.*, 574 A.2d 757, 760 (R.I.1990) (affirming grant of summary judgment on bad faith claim on ground that claim was fairly debatable).

We shall take this opportunity to promulgate a new rule to guide the trial courts in deciding these issues. This Court has held that an insurance company has a fiduciary obligation to act in the "best interests of its insured in order to protect the insured from excess liability * * * [and to] refrain from acts that demonstrate greater concern for the insurer's monetary interest than the financial risk attendant to the insured's situation." *Medical Malpractice Joint Underwriting Association of Rhode Island v. Rhode Island Insurers' Insolvency Fund*, 703 A.2d 1097, 1102 (R.I.1997). This fiduciary obligation extends not only to the insurance company's own insured, but also, as in this case, to a party to whom the insureds have assigned their rights.

It is not sufficient that the insurance company act in good faith. An insurance company's fiduciary obligations include a duty to consider seriously a plaintiff's reasonable offer to settle within the policy limits. Accordingly, if it has been afforded reasonable notice and if a plaintiff has made a reasonable written offer to a defendant's insurer to settle within the policy limits, the insurer is obligated to seriously consider such an offer. If the insurer declines to settle the case within the policy limits, it does so at its peril in the event that a trial results in a judgment that exceeds the policy limits, including interest. If such a judgment is sustained on appeal or is unappealed, the insurer is liable for the amount that exceeds the policy limits, unless it can show that the insured was unwilling to accept the offer of settlement. The insurer's duty is a fiduciary obligation to act in the best interests of the insured. Even if the insurer believes in good faith that it has a legitimate defense against the third party, it must assume the risk of miscalculation if the ultimate judgment should exceed the policy limits.

In summary, we sustain the plaintiff's appeal on count 1, vacate the summary judgment on that count, and remand for a trial on the issue of whether the plaintiff made a bona fide written offer to settle within the

policy limits. We deny and dismiss the plaintiff's appeal on counts 3 and 4 of her complaint. The case is remanded to the Superior Court for proceedings in accordance with this opinion.

Justice GOLDBERG did not participate.