DECISION
Before this Court are two separate motions — a "Motion to Strike and to Enter Default for Failure to Comply with Court Order" filed by Defendant First Student, Inc. ("First Student") and a "Motion for Leave to File a Third Amended Complaint" filed by Plaintiff Naysha Berrios ("Plaintiff") — in this wrongful death action. Plaintiff in her individual capacity and in her capacity as the Administratix of her daughter, Cassandra Berrios's estate, seeks damages for her own injuries, as well as damages for the wrongful death of her minor daughter, Cassandra, from First Student and Jevic Transportation Inc. ("Jevic") (collectively, "Defendants"). Jurisdiction is pursuant to Super. R. Civ. P. 15 and 37 respectively.
 I Facts and Travel
This Court issued a decision regarding one motion in limine, two motions to compel, and one motion for leave to file a third amended complaint on December 6, 2010. *Page 2 See Berrios v. First Student et al, PC 2004-2390, (R.I. Super. Dec. 6, 2010) ("Decision").
Thereafter, First Student filed a "Motion for Issuance of Commissions Authorizing Deposition Subpoenas" to take the out-of-state depositions of twenty-three individuals residing in four different states. On February 15, 2011, Plaintiff responded by objecting to First Student's motion, and additionally moved for a protective order pursuant to Super R. Civ. P. Rule 26(b) (1), (c) and (f) to preclude First Student from taking any of the requested depositions. At that time, Plaintiff also filed a motion to default for First Student's failure to comply with this Court's Order dated November 18, 2010. On May 23, 2011, First Student filed a "Motion for Issuance of Commissions Authorizing Deposition Subpoenas" and "Motion to Shorten Time" to take the out-of-state depositions of five additional individuals residing in New Jersey. Furthermore, On July 13, 2011 First Student filed an additional "Motion for Issuance of Commissions Authorizing Deposition Subpoenas." These matters are still pending before the Court.
Following this Court's Decision, Plaintiff filed a motion to amend her complaint to add a declaratory judgment count against National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). First Student objected and also moved to strike the objection of Jevic and to enter default for failure to comply with this Court's November 18, 2010 Order. On March 4, 2011, Jevic filed an objection, and provided this Court with a copy of its amended answers to First Student's Interrogatories.
On April 19, 2011, this Court heard both Plaintiff's Motion to Amend and First Student's Motion to Enter Default against Jevic for failure to comply with this Court's December 16, 2010 Order. Additionally, on May 19, 2011, First Student submitted a *Page 3 
"Supplemental Motion to Compel Discovery Responses from Jevic." This Court notes that discovery in the instant matter has been ongoing for six years. To date, more than twenty-five depositions have been taken including Super. R. Civ. P. 30(b)(6) depositions of both Jevic and First Student, Naysha and Ilba Berrios, multiple policemen, numerous firefighter/emergency medical technicians, and witnesses to the accident.
 II Plaintiff's Motion for "Leave To File Third AmendedComplaint"
The Plaintiff moves to amend her complaint in accordance with Super. R. Civ. P. 15 to add a declaratory judgment count. First Student objects and argues that Plaintiff cannot maintain her declaratory judgment action because it is precluded under G.L. 1956 § 27-7-2.
This motion arises out of a series of communications between First Student and Plaintiff regarding the proper scope of First Student's National Union insurance policy. If the insurer refuses to settle, the insurer is then liable for the full amount of any subsequent judgment against its insured. Asermely v. Allstate Ins. Co.,728 A.2d 461 (R.I. 1999). Following extensive discovery, including a 30(b)(6) deposition regarding the National Union policy, Plaintiff made an "Asermely" demand on December 16, 2010. The Plaintiff's demand was made in reliance upon "Endorsement 001" to the National Union policy, which represented that the policy limits were increased from $1,000,000 to $2,000,000. As stated in the February 16, 2011 affidavit of James Corej, "Endorsement 001" remained effective because it was never revoked or modified by any other policy documents. See Corej aff. In a letter dated January 14, 2011, the attorney for First Student replied to Plaintiff's Asermely demand by stating that: *Page 4 
 "[W]e acknowledge your assertion in your December 16 letter that policy number CA 527-33-55 "which afford primary coverage for this eventually provides Two Million Dollars ($2,000,000) of coverage, and not One Million Dollars ($1,000,000) as previously claimed."
The attorney for First Student noted that "Princeton E S [the excess insurer] takes no position on any issues relating to the amount of primary insurance coverage available under the National Union policy." Consequently, on the facts before the Court, there exists a dispute regarding the proper coverage afforded by the National Union policy.
The Rhode Island Supreme Court has made clear its position regarding motions to amend. "[T]his court has consistently held that trial justices should liberally allow amendments to the pleadings." Serra v. Ford Motor Credit Co.,463 A.2d 142, 150 (R.I. 1983). "We have consistently held that Rule 15(a) liberally permits amendment absent a showing of extreme prejudice." Wachsberger v. Pepper,583 A.2d 77, 78 (R.I. 1990). However, this Court must preliminarily determine both whether a declaratory judgment action regarding National Union's policy limit is permitted by law and that Plaintiff has standing to bring such a claim. See id.
 A Declaratory Judgment Action against a Defendant'sInsurer
Section 27-7-1 of the Rhode Island General Laws states in relevant part: "every policy written insuring against liability for . . . personal injuries . . . shall contain provisions to the effect that the insurer shall be directly liable to the injured party . . . to pay that party the amount of damages for which the insured is liable." When applied to the instant matter, § 27-7-1 provides that National Union, First Student's insurer, may be found to be directly liable to the Plaintiff. However, § 27-7-2 outlines the remedies that injured party may have against an insurer. Section 27-7-2 states in part: *Page 5 
 "an injured party. . ., in his or her suit against the insured, shall not join the insurer as a defendant . . . The injured party . . . after having obtained judgment against the insured alone, may proceed on that judgment in a separate action against the insurer."
The Rhode Island Supreme Court has interpreted this statute to preclude the filing of a "direct action" for damages against the insurer. See Esposito v. O'Hair,886 A.2d 1197, 1198 (R.I. 2005). Nevertheless, our Supreme Court has allowed other actions to proceed in Robinson v. Mayo,849 A.2d 351 (R.I. 2004) and Mendez v. Brites,849 A.2d 329 (R.I. 2004). In Mendez, our Supreme Court allowed the tort plaintiff to continue a declaratory judgment action against the defendant's insurer. See id Citing Bankers TrustCo. v. Old Republic Insurance Co.,959 F.2d 677, 682 (7th Cir. 1992), the Mendez Court noted that `"the victim of an insured's tort . . . has a legally protectable interest in that policy before he has reduced his tort claim to judgment.' This injury was sufficient to confer standing upon the injured party to bring a declaratory-judgment action against the insurer." Thus, while the Mendez Court remained mindful that the Plaintiff lacked standing to proceed in a direct action under § 27-7-2, our Supreme Court nonetheless allowed the tort-plaintiffs declaratory judgment action against the defendant's insurer to proceed. Furthermore, this Court's previous Decision barred Plaintiff from filing the instant motion against National Union for a declaratory judgment. While Plaintiff is barred from bringing a direct action against First Student's insurers, there is no such bar prohibiting a declaratory action to be filed against National Union. Plaintiffs declaratory judgment action is permitted by law because it is not a "direct action" against National Union. *Page 6 
 B Standing
Rhode Island General Laws § 9-30-1 defines the scope of the Uniform Declaratory Judgments Act, including the scope of this Court's jurisdiction. "A declaratory-judgment action may not be used "for the determination of abstract questions or the rendering of advisory opinions.'" Sullivan v. Chafee,703 A.2d 748, 751 (R.I. 1997) (quoting Lamb v. Perry,101 R.I. 538, 542, 225 A.2d 521, 523 (1967)). As our Supreme Court stated in Berberian v. Solomon,122 R.I. 259, 262, 405 A.2d 1178, 1180-81 (R.I. 1979), "a justiciable controversy between the parties is basic to the court's assumption of jurisdiction." As such, a requirement of the Declaratory Judgments Act is that the plaintiff must demonstrate he or she has standing for the relief requested. Seeid.
This Court must therefore determine whether the Plaintiff in the instant matter has standing to bring a declaratory judgment action against National Union. The Mendez Court cited language which noted that "the victim of an insured's tort . . . has a legally protectable interest in that policy before he has reduced his tort claim to judgment." See 849 A.2d at 331-33 (citing InBankers Trust Co. v. Old Republic Insurance Co., 957 F.2d 6777, 682 (7th Cir. 1992)).
In the present matter, Plaintiff has demonstrated that unless a declaration from this Court is rendered regarding the amount of liability coverage afforded by the National Union insurance policy, neither the Plaintiff nor First Student will know whether the Plaintiff's Asermely demand is one for the policy limits. Unless a declaratory judgment is rendered, the underlying principle in Asermely — that encourages insurers such as National Union "to consider the plaintiff's offer to settle within . . . policy limits" — will be frustrated. See 728 A.2d at 464. Regardless of the amount of coverage afforded, *Page 7 
Plaintiff has a clear interest in resolving any disputes regarding actual policy limits before trial commences. SeeAsermely, 728 A.2d at 464. As such, Plaintiffs motion for "Leave to File a Third Amended Complaint" is granted.
 III First Student's Motion To Strike Objection of Jevic and Enter Default for Failure to Comply with Court Order
Since 2004, First Student has served numerous discovery requests to Jevic. Prior to Jevic's filing for bankruptcy, First Student propounded discovery requests that required Jevic to respond before a bankruptcy stay commenced on May 20, 2008. Following the lifting of the automatic stay imposed by the Bankruptcy Court, on July 16, 2010, all claims in this litigation were allowed to proceed against Jevic.
First Student has since sought relevant discovery and has filed a number of motions with this Court, seeking to compel discovery responses from Jevic and that Jevic produce pertinent e-mail correspondence. Jevic filed objections to First Student's motions to compel, responding that Jevic has fully complied with all discovery requests propounded by First Student. On December 6, 2010, this Court issued a decision granting in part and denying in part First Student's various motions to compel. See Berrios v. FirstStudent et al PC 2004-2390, (R.I. Super. Dec. 6, 2010).
 A First Student's Motion To Strike
Following said Decision on December 6, 2010, Jevic provided responses to First Student's interrogatories and responses to First Student's request for production of documents. On February 16, 2011, First Student filed a "Motion to Strike the Objections" of Jevic. However, since First Student filed its original motion to strike, Defendant Jevic has amended its answers to properly remove such objections. See Def's Ex. A. *Page 8 
This Court is satisfied that by removing such objections, Jevic has complied with this Court's December 16, 2010 Order. As such, First Student's motion to strike is hereby denied as moot.
 B First Student's Motion To Enter Default for Failure to Comply with Court Order
In addition to its motion to strike, on February 16, 2011, First Student filed a motion with this Court to enter default against Jevic for failure to comply with this Court's December 16, 2010 Order. First Student asserts that Jevic's amended answers submitted on March 2, 2011 merely deleted the objections contained in its initial answer and kept the content of each response identical. First Student requests that Jevic answer Interrogatory Nos. 4, 7, 8, 9, 12, 13, 18, 19, and 20 — with full details and complete answers pursuant to the requirements of R.I. Super. R. Civ. P. 37. This motion was heard by this Court on April 19, 2011.
Following the April 19, 2011 hearing, First Student conducted depositions of several former Jevic employees in New Jersey. Over the course of these depositions, testimony revealed that Jevic engaged in e-mail communications internally and externally during the time of the accident. Following this revelation, First Student submitted a Supplemental Motion to Compel Discovery Responses with this Court on May 19, 2011. First Student is now seeking that this Court enter default against Jevic for its continued willful failure to produce transcribed statements taken from Jevic employees or agents regarding the collision, or events leading up to or following the collision, or in the alternative, that Jevic be ordered to answer First Student's Request for Production. Namely, First Student requests that Jevic answer Request No. 5 dated February 21, 2008 — pursuant to the requirements of R.I. Super. R. Civ. P. 37. *Page 9 
 1 Rule 37(b)(2)(iii) Sanctions-Default
Rule 37(b)(2) provides this Court with a variety of sanctions that may be imposed on a party who has failed to comply with an order to provide discovery. One of the sanctions available to this Court in appropriate circumstances is the entry of an order of default for failure to comply with the Court's discovery order.See Rule 37(b)(2). Rule 37(b)(2) provides in pertinent part:
 "If any party . . . refuses to obey an order made under subdivision (a) of this rule requiring him or her to answer designated questions or to make discovery under Rule 34 . . . the Court may make such orders in regard to the refusal as are just. . .
 (iii) An order . . . rendering a judgment by default against the disobedient party."
The decision whether or not to invoke these sanctions is confined to the sound discretion of the motion justice. See Goulet v.OfficeMax, Inc., 843 A.2d 494, 496 (R.I. 2004). "Although it is the most drastic of sanctions that can be employed for failing to answer interrogatories, there is no doubt that entry of judgment by default is provided for in the rules." Providence Gas Company v.Biltmore Hotel Operating Co., et al.,119 R.I. 108, 376 A.2d 334 (1977). Such a situation is characterized by continuous and willful noncompliance with discovery orders.See id. This Court's imposition of sanctions pursuant to Rule 37(b) will not be disturbed absent an abuse of discretion.See Travelers Insurance Co. v. Builders ResourceCorp., 785 A.2d 569, 569 (R.I. 2001).
First Student moves for this Court to enter default against Jevic for its failure to comply with this Court's December 20, 2010 Order. In determining whether default is warranted for discovery abuses, this Court looks to the extent of the resulting delay, as well as evidence of bad faith. See e.g. Providence GasCompany, 119 R.I. 108, 376 A.2d 334 *Page 10 
(default judgment entered against defendants when they refused to comply with three court orders compelling answers to interrogatories and the answers eventually filed were patently insufficient);Travelers Ins. Co., 785 A.2d at 569 (defendant's failure to comply with two orders compelling discovery, and an order to produce a witness for deposition, constituted "blatant refusal" to comply with discovery obligations, and entry of default judgment was proper).
In the instant matter, Jevic has undertaken numerous steps to comply with this Court's December 16, 2010 Order, including exhaustively searching its New Jersey warehouse. The imposition of a dispositive sanction, such as entering default, necessitates "bad faith," "gross professional misconduct," or "persistent unexcused failures to respond," which renders the conduct tantamount to "abandon [ing] the litigation." Senn v. Surgidev Corp.,641 A.2d 1311, 1319 (R.I. 1994). In this case, the record reflects that Jevic has engaged in significant discovery in order to comply with this Court's December 16, 2010 Order. This Court is satisfied with Jevic's representation that it will supplement its current answers to First Student with the requisite information once it becomes available. Jevic's conduct certainly has not risen to the level of bad faith, persistent failure to respond, or gross professional misconduct that warrants the entry of default.See id. This Court is mindful that the interests of the parties are better served by allowing the parties to litigate the merits of the case rather than permitting "an escalated discovery conflict to effectively close the courthouse doors." Id. The record and travel of the discovery aspect of this case does not lend itself to a finding of either bad faith or outrageous conduct on Jevic's part. See id. Accordingly, this Court denies the motion to enter default. *Page 11 
 2 First Student's Motion To Reorder Jevic To Provide Complete Answers Pursuant to This Court's December 20, 2011 Order
First Student requests in the alternative, that this Court reorder Jevic to provide additional responses to Interrogatory Nos. 4, 7, 8, 9, 12, 13, 18, 19, and 20 — with full details and complete answers. In granting or denying discovery orders, a justice of the Superior Court has broad discretion. SeeCorvese v. Medco Containment Servs., 687 A.2d at 881. Rule 34 requires that a party produce discoverable documents in its "possession, custody or control." R.I. Super. R. Civ. P. 34(a). "Control" however does not include making a search of all potential sources which might be able to provide documents. SeeWiva v. Royal Dutch Petroleum Co.,392 F.3d 812, 821 (5th Cir. 2004).
In DeCarvalho v. Gonsalves,106 R.I. 620, 262 A.2d 630 (1970), the Rhode Island Supreme Court set forth some guidelines for courts to consider when reviewing discovery requests. In Decarvalho, our Supreme Court made clear that the burden of demonstrating requisite materiality under Rule 34 rests on the party seeking production. Id.
Rather than stating any specific grounds for Jevic's alleged deficient responses, or citing to any responsive documents that exist in Jevic's custody or control, First Student has simply made blanket allegations that Jevic's responses are deficient because it amended its responses to remove its objections. It is well established that "a mere passing reference to an argument is insufficient to merit [this Court's] review. Tondreault v.Tondreault, 966 A.2d 654, 664 (R.I. 2009) (quotingDeAngelis v. DeAngelis, 923 A.2d 1274, 1282 (R.I. 2007)). First Student fails to cite any substantive deficiencies in Jevic's responses. *Page 12 
Furthermore, for this Court to reorder Jevic to respond to these interrogatories at this juncture would be unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Jevic has expended significant resources in order to comply with this Court's December 16, 2010 Order, and has provided substantive responses to each of First Student's interrogatories. Jevic has responded to First Student's interrogatories by noting that the information sought after simply does not exist. Where an interrogated party has investigated the sources which are available to him or her, an answer that he or she does not know the answers to interrogatories, or that the information does not exist, is not necessarily evasive or improper.See Economou v. Butz, 466 F. Supp. 1351 (S.D.N.Y. 1979). Recognizing Jevic's expenditure of both time and resources, this Court will not reorder Jevic to respond yet again to First Student's interrogatories based solely on blanket accusations of deficiencies.
Finally, this Court notes that any deficiency in Jevic's responses may be cured by its ongoing duty to supplement. SeeRogers v. Tri-State Materials Corp.,51 F.R.D. 234 (N.D. W. Va. 1970). If in the future, Jevic subsequently obtains information that would allow First Student's interrogatories to be answered more fully, then Jevic is under a duty to supplement the current responses. See id.
 3 First Student's Motion To Compel Jevic To Produce E-Mail Correspondence Pursuant to This Court's December 20, 2011 Order
First Student also requests that this Court compel Jevic to produce e-mail correspondence pursuant to First Student's Request for Production, dated February 21, 2008. As corporations rely on computers to compose e-mails and documents, the universe of discoverable material is growing rapidly. Zubulake v. UBSWarburg, LLC (Zubulake I), 217 F.R.D. 309 *Page 13 
(S.D.N.Y. 2003). Rhode Island Superior Court Rules of Civil Procedure 34 allows for the request of production of any designated documents. Both this rule and its federal counterpart define "document" in an inclusive manner so as to allow for "changing technology." See Fed.R.Civ.P. 34 Advisory Committee Notes. "Therefore, this rule includes not only relevant electronic documents to discovery which are currently in use, but also [] documents that may have been deleted and now reside only on backup disks." Zubulake I, 217 F.R.D. at 309. It is clear that discovery of electronically stored information and e-mails is contemplated by the governing rules and applicable law, establishing that such material must be produced when requests are made.
First Student's "Request for Production" ("Request") to Jevic, dated February 21, 2008, Request No. 5. seeks:
 "Any and all statements, written or oral, transcribed or untranscribed, provided by, or taken from, witnesses, your drivers, or any of your employees or agents regarding the collision or events leading up to or following that collision." (Def.'s Supplemental Mot. Ex. 10.)
Presumably, this Request seeks responsive information that may exist in electronic form, such as e-mail. This Court's Decision has noted that "Jevic has yet to produce any responses to the information sought in the April 2008 requests. Adequate time was provided in which Jevic could comply with these requests." Berrios, PC 2004-2390, at 16.
As indicated supra, the burden of demonstrating requisite materiality under Rule 34 rests on the party seeking production.DeCarvalho, 106 R.I. at 620, 262 A.2d at 630. During recent depositions taken in New Jersey, former Jevic employees testified that each of them had an e-mail account at work (Ex. 2 at 60) and that each of them used e-mail *Page 14 
to send and receive business communications. (Def.'s Supplemental Mot. Ex. 2 at 60.) Mr. Noone testified that he communicated with the third party investigators for this accident via e-mail. (Def.'s Supplemental Mot. Ex. 5 at 17-18.) However, no such electronic information has been produced. Indeed, to date, Jevic has only produced one e-mail detailing Craig Benfield's suspension from Jevic in 2002. This Court is therefore satisfied that First Student has met the initial threshold of demonstrating the requisite materiality of its request pursuant to Rule 34.See DeCarvalho, 106 R.I. at 620, 262 A.2d at 630.
While this Court notes that Jevic has expended significant resources, these deficient responses cannot go unnoticed. Once a party reasonably anticipates litigation, it must suspend its document destruction policy and implement a litigation hold to ensure preservation of relevant documents. Zubulake v. UBSWarburg LLC (Zubulake IV), 220 F.R.D. 212, 222 (S.D.N.Y. 2003). While this Court recognizes Jevic's expenditure of both time and resources, its production of only one relevant e-mail is insufficient. See id. As such, this Court will reorder Jevic to respond yet again to First Student's demand for the production of correspondence taken from witnesses, drivers, employees, or agents of Jevic regarding the collision or events leading up to or following the collision.
 Conclusion
Based on the aforementioned reasons, this Court hereby grants Plaintiffs Motion for Leave to File a Third Amended Complaint. This Court also denies First Student's Motion for Protective Order and denies in part and grants in part First Student's Motion to Compel Discovery Responses from Jevic.
Counsel shall present the appropriate order for entry.

 *Page 1