Justice FLAHERTY,
with whom Justice INDEGLIA joins, dissenting in part and concurring in part.
I agree, in part, with the holdings of the majority, that Travelers waived its arguments with respect to the judgment satisfied order and that the Superior Court had subject-matter jurisdiction over the dispute throughout the litigation. I concur with the majority that Travelers failed to raise the judgment satisfied order as a possible defense and that the trial justice rightly concluded that the argument had been waived. I also accept the reasoning of the majority that the Superior Court never was deprived of jurisdiction to resolve this case. However, because it is my opinion that the imposition of excess interest under the provisions of G.L.1956 § 27-7-2.2 is at best premature, I must respectfully dissent from the majority’s holding in this case.
In Asermely v. Allstate Insurance Co., 728 A.2d 461, 464 (R.I.1999), this Court plowed new ground when it seized the opportunity to promulgate a rule that addressed the vexing issues that arise when a plaintiff’s claim has the potential to exceed the available liability insurance coverage protecting a defendant. In essence, the Court held in Asermely that when a plaintiff offers to settle a claim for an amount that is within the policy limits, and the carrier declines to settle, the insurer is at risk if a later judgment exceeds the policy limit, including applicable interest. Id. The Court went on to say that an insurer’s good-faith calculation about the value of a particular claim provides no safe harbor, and that the insurer, because of its fiduciary duty to its insured, must assume the risk of a judgment that exceeds the limits of the contract of insurance. Id. It is clear, however, that when it issued Asermely, this Court considered only claims that involved one plaintiff and one defendant.
*626 In DeMarco v. Travelers Insurance Co., 26 A.3d 585, 609 (R.I.2011) (DeMarco I), the Court was faced with a different and vastly more complicated situation that involved more than one serious claim against an insured who clearly lacked sufficient coverage to satisfy both, or perhaps either, claim without leaving the insured exposed, or even uninsured, against the other serious claim. Altering the contours of its Asermely holding to address this issue, the Court, with respect to count 1, vacated summary judgment in favor of plaintiff and remanded the matter for a factual determination on whether the insurer had acted reasonably and in its insured’s best interest in handling the multiple claims. Id. at 615 (“In view of the fact that we have today explicated the parameters of the Asermely rule as it is to be applied in multiple claimant cases where the combined claims exceed the policy limits, it is necessary for us to vacate the grant of summary judgment for plaintiff with respect to count [1] of his complaint and remand for further findings of fact so that it can be determined whether or not Travelers met its duty to its insureds.”) However, the Court affirmed summary judgment in plaintiffs favor with respect to count 2, involving § 27-7-2.2, the so called “rejected-settlement offer” statute.[1] De-Marco I, 26 A.3d at 617.
An essential element of the Court’s decision in DeMarco I was that, irrespective of whether Travelers might be found liable on the merits of the Asermely claim, count 1, after remand, the summary judgment on the rejected-settlement offer statute, count 2, was affirmed. DeMarco I, 26 A.3d at 616-17. On remand from this Court, and following this Court’s mandate in DeMarco 1, the trial justice granted a motion to calculate interest on count 2 and ascertained the excess interest due to DeMarco from Travelers, a determination from which Travelers timely appealed.
In its affirming of that judgment, there can be no doubt that this Court has literally applied a statute which it concluded was clear and unambiguous in its language. DeMarco I, 26 A.3d at 617. The language of that statute is indeed unequivocal and unmistakable. Further, there is no debate that there was a demand to settle on behalf of DeMarco at the policy limit, a refusal to extend an offer to meet that demand, and an eventual judgment that surpassed the available policy limits. Id. at 587-95.
However, it is perfectly clear to me that, similar to this Court’s holding in Asermely, the statute anticipates a situation in which there is but one plaintiff and not, as here, multiple serious claims, any one of which might well exhaust the available coverage under the relevant policy of insurance.[2] Under the facts presented here, somewhat complicated by the Court’s holding in De-Marco I, it is entirely possible that, after trial on remand of count 1, Travelers may be found to have acted reasonably in protecting the interests of its insured in the face of multiple serious claims yet nevertheless be responsible for enormous sums *627 of interest on judgments involving those very claims.
For that reason, it is my opinion that the literal application of the rejected-settlement offer statute at this time, before it is determined whether Travelers has any liability whatsoever under count 1, could very well lead to an absurd result. It is axiomatic that this Court will not construe a statute, even if it is clear and unambiguous, in a way that may lead to absurdity. See Swain v. Estate of Tyre ex rel. Reilly, 57 A.3d 283, 289 (R.I.2012); DaPonte v. Ocean State Job Lot, Inc., 21 A.3d 248, 251 (R.I.2011); Skaling v. Aetna Insurance Co., 742, A.2d 282, 290 (R.I.1999) (Skaling I); Commercial Union Insurance Company v. Pelchat, 727 A.2d 676, 681 (R.I.1999).
Indeed, it seems to me that the only way that Travelers could have avoided the rather draconian impact of the majority’s holding in this case would have been for it to pay out the entire policy limit to De-Marco and thus avoid the imposition of an enormous interest burden. Of course, following that path would have left the insureds entirely unprotected against the also very substantial Woscyna claim. Further, it would have resulted in, if not necessitated, Travelers placing its own financial interests over the fiduciary duty that it owes to its insureds, something that this Court has said in the strongest terms an insurance carrier may not do. See De-Marco I, 26 A.3d at 613; Skaling v. Aetna Insurance Co., 799 A.2d 997, 1012 (R.I.2002) (Skaling II); Bolton v. Quincy Mutual Fire Insurance Co., 730 A.2d 1079, 1080-81 (R.I.1999); Asermely, 728 A.2d at 464; Medical Malpractice Joint Underwriting Association of Rhode Island v. Rhode Island Insurers’ Insolvency Fund, 703 A.2d 1097, 1102 (R.I.1997).
Given these applications, it is my opinion that the only reasonable interpretation of § 27-7-2.2 would be to wait until Travelers’ liability, or lack thereof, has been determined after trial on count 1.[3] If found not to be liable, then, in my opinion, Travelers should bear no burden for excess interest with respect to count 2. If, on the other hand, a factfinder concludes that Travelers, in keeping with this Court’s holding in DeMarco I, did not act reasonably in light of its fiduciary duties to its insureds, it would be liable for the entire judgment under the principles set forth in Asermely and for all the interest on that judgment pursuant to § 27-7-2.2.
For these reasons, I respectfully dissent from the majority’s opinion in this case.

. I dissented from the holding in DeMarco v. Travelers Insurance Co., 26 A.3d 585 (R.I.2011) because it was my opinion that a general release that had been executed by the plaintiff in the named insureds’ favor extinguished all rights of the parties in the case, and that, after defendants were absolved of all liability, with Traveler’s money, there was nothing left to assign. Id. at 629-34. Because it was based on the release, the rationale for the dissent was overarching, and I therefore saw no reason for further discussion with respect to count 2.

. It is noteworthy that G.L.1956 § 27-7-2.2 employs only singular words throughout, suggesting that the General Assembly only intended the excess interest statute to apply in single plaintiff cases.

. I do not agree with the majority’s characterization of the dissent as creating a reasonableness standard for § 27-7-2.2. Certainly it is true that we employ a time-honored rule of construction literally applying the plain language of an unambiguous statute. However, the rule that a clear and unambiguous statute will not be literally applied if to do so would lead, as I believe it does here, to an absurd result, is equally venerated. Please see citations above, supra.