Jerry F. IMS

v.

Richard W. AUDETTE.

No. 2010–271–Appeal.

Supreme Court of Rhode Island.

March 29, 2012.

Gerard M. DeCelles, Esq., Providence, for Plaintiff.

Andrew J. Tine, Esq., Bristol, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This appeal came before the Supreme Court on January 26, 2012, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. This case arose after the plaintiff, Jerry F. Ims (Ims or plaintiff)—acting in his capacity as successor trustee of the Claire B. Martel trust—filed a petition in the Tiverton Probate Court, seeking an order allowing him to take such actions as he deemed necessary to preserve property owned by the trust and located at 30 Anthony Way, Tiverton, Rhode Island—including removal of the life tenant, the defendant, Richard W. Audette (Audette or defendant). In his petition, Ims alleged that Audette persistently failed to pay the utilities on the property, as was required by the trust provisions, and that Audette's conduct had created hazardous conditions on the prop-

erty.[1] The record discloses that the defendant was served with notice of the petition and failed to appear in Probate Court at the time the petition was scheduled to be heard.

On November 16, 2009, the Probate Court issued an order in conformity with plaintiff's petition after defendant was defaulted for failing to appear. Thereafter, defendant—who was acting *pro se* [2]—filed a complaint in Newport Superior Court on December 3, 2009, purportedly appealing from the decision of the Probate Court. Because defendant failed to file a claim of appeal with the Probate Court and also failed to certify the Probate Court record to the Superior Court, as required by statute, plaintiff sought dismissal of the action based on lack of jurisdiction in the Superior Court.[3] After a hearing, the trial justice concluded that Audette had failed to comply with the requirements for filing a claim of appeal from the Probate Court, as set forth in G.L.1956 § 33–23–1; consequently, he granted plaintiff's motion to dismiss.

The defendant appealed to this Court[4] and presented three arguments for our review: (1) that his appeal from the Probate Court adequately was perfected because of his good-faith efforts to comply

with § 33–23–1, and because his lack of financial resources hindered his compliance; (2) that the Probate Court lacked subject matter jurisdiction to issue its order because he contends that he is the life beneficiary of a charitable remainder trust and, therefore, the Superior Court and not the Probate Court is vested with subject matter jurisdiction; and (3) that the trustee failed to notify the Attorney General's Office of proceedings concerning the trust, thus rendering the Probate Court's order null and void. Having carefully reviewed the memoranda submitted by the parties and the arguments of counsel, we are satisfied that cause has not been shown; thus, the appeal may be decided at this time. We affirm the judgment of the Superior Court.

 Whether a court has subject matter jurisdiction over a controversy is reviewed *de novo* by the Supreme Court. *Sidell v. Sidell*, 18 A.3d 499, 504 (R.I.2011) (citing *Long v. Dell Inc.*, 984 A.2d 1074, 1078 (R.I.2009)). The requirements for an appeal from a decision of the Probate Court are set forth in § 33–23–1. Section 33–23–1(a) states that:

"Any person aggrieved by an order or decree of a probate court (hereinafter

1. Ims asserted that the property was without electricity, heat, or sanitary facilities and that, as a result of defendant's actions, the trustee had been denied alternate hazard insurance on the property.

2. The defendant was *pro se* in the Superior Court and initially proceeded pro se in this appeal to the Supreme Court, although counsel eventually entered an appearance on his behalf.

3. Ims additionally filed a motion to adjudge Audette in contempt of court for violating court orders and for carrying out a prolonged campaign of frivolous litigation and harassing behavior toward the trustees since the establishment of the trust in 1993. The trial justice

denied plaintiff's contempt motion, but he did revoke Audette's *in forma pauperis* status.

4. While acting in his *pro se* capacity, Audette filed letters and a prebriefing statement with the Clerk of the Supreme Court alleging that he and his family had been victims of "Murder/Attempted Murder," "kidnapping," "Multiple counts of elderly abuse," "Medicare/Medicaid violations," and various other wrongs perpetrated against them by the judiciary, the Attorney General's Office, and various attorneys, including the trustee of the Mattel trust. Subsequently, defendant retained counsel and filed a more pertinent supplemental memorandum of law that set forth three legal arguments, which we shall consider in this appeal.

'appellant'), may, unless provisions be made to the contrary, appeal to the superior court for the county in which the probate court is established, by taking the following procedure:

"(1) Within twenty (20) days after execution of the order or decree by the probate judge, the appellant shall file in the office of the clerk of the probate court a claim of appeal to the superior court and a request for a certified copy of the claim and the record of the proceedings appealed from, and shall pay the clerk his or her fees therefor.

"(2) Within thirty (30) days after the entry of the order or decree, the appellant shall file in the superior court a certified copy of the claim and record and the reasons of appeal specifically stated, to which reasons the appellant shall be restricted, unless, for cause shown, and with or without terms, the superior court shall allow amendments and additions thereto.

"(3) The appellant shall file with the probate clerk an affidavit in proof of the filing and docketing of the probate appeal pursuant to the time deadlines set forth in § 33–23–1(a)(2)."

In this case, defendant failed to submit a claim of appeal to the Probate Court or to certify the record of the Probate Court proceedings to the Superior Court in accordance with § 33–23–1(a), thus depriving the Superior Court of the authority to proceed.

■ We begin by observing that § 33–23–1(e) provides that: "[t]he deadline of subsections (a)(1) and (a)(2) * * * are jurisdictional and may not be extended by either the probate court or the superior court * * *." This Court has recognized that § 33–23–1(e) requires strict compliance with the deadlines contained in § 33–23–1(a). *See Dugdale v. Chase*, 52 R.I. 63, 64, 157 A. 430, 431 (1931) (holding that

"[t]he statutory procedure authorizing an appeal from the [P]robate [C]ourt to the Superior Court must be strictly complied with" in order for the appeal to proceed). Because these provisions deprive the Superior Court of the authority to exercise its jurisdiction, they "may not be extended 'by a sympathetic trial justice,'" and the Superior Court may not overlook an appellant's failure to comply. *Griggs v. Estate of Griggs*, 845 A.2d 1006, 1009 (R.I.2004) (quoting *In re Estate of Speight*, 739 A.2d 229, 231 (R.I.1999)).

The defendant nonetheless contends that it was error to dismiss this case because he made good-faith efforts to comply with the statute and experienced financial hardship during these proceedings. We see no basis to recognize a good-faith defense to the jurisdictional prerequisites of the statute. We contrast this case with our holding in *Lett v. Giuliano*, 35 A.3d 870 (R.I.2012), in which we held that a party's "failure to submit a single transcript as part of a larger probate record should 'rarely if ever' be cause for dismissal when a party has made good faith efforts to comply with § 33–23–1 * * *." *Id.* at 876 (citing *Estate of Hart v. LeBlanc*, 853 A.2d 1217, 1219 n. 1 (R.I.2004)). In *Lett*, there was no dispute that the appeal properly had been claimed and the record transmitted. *See id.* We determined that the appealing party had submitted all "relevant portions" of the Probate Court record and that only a single transcript of "dubious relevance" was missing. *Id; see Estate of Hart*, 853 A.2d at 1219 n. 1. We note that § 33–23–1(b) sets forth the necessary components of the probate record and specifies that the appealing party must submit "copies of documents filed with the probate court and full exhibits entered into evidence by the probate court * * * which are relevant to the claim of appeal and the transcript (if any)

of all relevant evidentiary probate court proceedings." Because the appealing party in *Lett* had submitted the relevant documents within the requisite time frame, the plaintiff satisfied the requirements of § 33–23–1(a) and (b). *Lett*, 35 A.3d at 876.

In contrast, Audette failed to submit *any* records from the Probate Court proceedings; additionally—and fatally, we conclude—he neglected to file a claim of appeal with the Probate Court. We especially are troubled by Audette's failure to file a timely claim of appeal—a step which this Court has described as the "all-important condition precedent for the taking of an effective appeal." *Jolicoeur Furniture Co. v. Baldelli*, 653 A.2d 740, 748 (R.I.1995) (quoting Joseph R. Weisberger, *Rhode Island Appellate Practice*, commentary 4.1 at 19 (1993)). In light of Audette's omissions, we are of the opinion that he did not make a good-faith effort to comply with § 33–23–1.

Furthermore, as noted, Audette failed to pay the requisite filling fees for appealing a decision of the Probate Court. Section 33–23–1(i) establishes mandatory fees that an appealing party must pay; it specifies that, "[t]he probate clerk need not transmit the record unless and until all costs therefor are paid in full." Section 33–23–1(j) also requires the moving party to bear the costs of producing any transcript and states that "nothing contained herein shall require the probate court or the probate clerk to make arrangements for or ad-

vance the costs of the same." The defendant contends that he lacked the means by which to pay the required fees to properly perfect his appeal. This assertion is unsubstantiated and untimely. Audette's appellate contention that he could not afford the costs of an appeal does not excuse his failure to file a claim of appeal in the Probate Court, and his consequent failure to satisfy § 33–23–1(a).[5]

In light of the defendant's failure to comply with every relevant provision of the statute governing appeals from the Probate Court, we are satisfied that his purported appeal properly was dismissed. Our case law is clear: courts do not have discretion to overlook an appealing party's failure to comply with the jurisdictional requirements of § 33–23–1.

Because the trial justice determined that the Superior Court lacked jurisdiction to entertain the defendant's appeal, the resolution of that question is the sole issue we need to address, and we decline to reach the defendant's remaining contentions. Accordingly, we affirm the judgment of the Superior Court, and we remand the papers in this case to the Superior Court.

---

5. We additionally note that Audette has not provided this Court with evidence of his inability to pay, and we also are mindful that the trial justice revoked Audette's *in forma pauperis* status.