**Supreme Court**

No. 2012-309-Appeal.
(PB 06-6103)

Wayne DeMarco et al.                    :

v.                    :

Travelers Insurance Company et al.        :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2012-309-Appeal.
(PB 06-6103)
(Dissent begins on Page 15)

Wayne DeMarco et al.                    :

v.                    :

Travelers Insurance Company et al.        :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.


O P I N I O N

**Justice Goldberg, for the Court.**    The plaintiff, Wayne DeMarco (DeMarco or plaintiff),[1] was severely injured in a collision while a passenger in a motor vehicle owned by insureds of the defendant, Travelers Insurance Company (defendant or Travelers).   After obtaining a judgment for money damages in the prior underlying tort action, the plaintiff settled with the insureds in exchange for an assignment of any claims that the insureds had against Travelers and filed this action.   A justice of the Superior Court granted partial summary judgment, which this Court affirmed.[2]   Thereafter, an order entered requiring the defendant to pay all interest accrued on the underlying judgment pursuant to G.L. 1956 § 27-7-2.2.[3]   The

---

[1] The actual named plaintiffs in this action are Wayne DeMarco and Leesa DeMarco, individually, as parents and legal guardians of Chayce DeMarco, a minor, and Brayden DeMarco, a minor, and as assignees of Leo H. Doire, and Virginia Transportation Corporation.

[2] DeMarco v. Travelers Insurance Co., 26 A.3d 585 (R.I. 2011) (DeMarco I).

[3] General Laws 1956 § 27-7-2.2 provides:

> "In any civil action in which the defendant is covered by liability insurance and in which the plaintiff makes a written offer to the defendant's insurer to settle the action in an amount equal to or less than the coverage limits on the liability policy

defendant alleges that this order was entered in the absence of subject-matter jurisdiction. Specifically, the defendant contends that the issue of prejudgment interest was rendered moot by an order entered in the underlying tort action which characterized the judgment as "satisfied in full"—thus depriving the Superior Court of subject-matter jurisdiction. For the reasons set forth below, we affirm the Superior Court order directing payment of prejudgment and postjudgment interest in accordance with § 27-7-2.2.[4]

## Facts and Travel

This Court extensively addressed the facts and travel of this case in DeMarco v. Travelers Insurance Co., 26 A.3d 585 (R.I. 2011) (DeMarco I). Therefore, we will discuss only recent events and any relevant facts necessary for context.

On September 10, 2003, DeMarco, while traveling as a passenger in a motor vehicle owned by Virginia Transportation Corporation (Virginia Transportation) and operated by Virginia Transportation's owner, Leo H. Doire (Doire), seriously was injured when the vehicle struck two utility poles. Another passenger, Paul Woscyna (Woscyna), also sustained serious injuries. Travelers insured the vehicle for a policy limit of $1 million.

---

in force at the time the action accrues, and the offer is rejected by the defendant's insurer, then the defendant's insurer shall be liable for all interest due on the judgment entered by the court even if the payment of the judgment and interest totals a sum in excess of the policy coverage limitation. This written offer shall be presumed to have been rejected if the insurer does not respond in writing within a period of thirty (30) days."

[4] The motion was captioned as "Motion * * * Calculating All Interest Due Pursuant to R.I.G.L. § 27-7-2.2 and to Determine the Operative Effect of the Judgment Satisfied Order in These Proceeding [sic] After Remand."

On March 4, 2004, DeMarco instituted a personal injury action in the Superior Court against Virginia Transportation and Doire (underlying tort action).[5]  Prior to and during the course of the underlying tort action, DeMarco made several written settlement demands upon Travelers to settle for the policy limits of $1 million.  On February 2, 2004, DeMarco's attorney wrote Travelers, before filing suit, seeking payment of the policy limits to DeMarco.  Later, on February 25, 2004, DeMarco's attorney again wrote Travelers asking to settle for the policy limits and also informed Travelers of potential Asermely[6] liability if it did not settle the claim.  By letter dated February 27, 2004, Travelers responded and informed DeMarco that other claims existed as a result of the accident and that, therefore, Travelers could not exhaust its entire policy limits on DeMarco.  Additionally, Travelers' counsel informed the claim services director for Travelers (1) that Asermely liability would not apply in the circumstances of this case because there were multiple claimants and (2) that exhausting the policy limits on one claimant might violate Travelers' fiduciary obligations to its insureds.  Over the course of the next year, on April 19, June 7, and June 29, 2005, DeMarco's attorney wrote to Travelers' counsel seeking to engage in settlement negotiations.  Further, on July 22, 2005, DeMarco's attorney wrote to Travelers' counsel yet again, offering to settle for the policy limits.  There was no response from Travelers or its counsel to any of these communications, and Travelers' efforts, if any, to resolve this case, with or without the participation of its insureds, remains an open question.

---

[5] Wayne DeMarco et al. v. Leo H. Doire and Virginia Transportation Corp., C.A. No. PC 04-1171.
[6] Asermely v. Allstate Insurance Co., 728 A.2d 461 (R.I. 1999).

On July 11, 2006, approximately three months before trial was set to begin, Travelers sought a global settlement—for the policy limits[7]—with DeMarco, Woscyna,[8] and National Grid USA Service Company, Inc. (National Grid).[9] Travelers' offer to have the three parties divide the policy limits amongst themselves was not accepted; and, on August 15, 2006, Travelers commenced an interpleader action in the Superior Court where it sought—unsuccessfully—to deposit the policy limits into the registry of the court.[10] On August 23, 2006, DeMarco's attorney—for the final time—offered to settle for the policy limits. Travelers responded to DeMarco's final demand and rejected the offer to settle. On September 14, 2006, after the parties engaged in unsuccessful mediation, Travelers offered to pay DeMarco $550,000 and Woscyna $450,000, "in exchange for a complete release from both claimants" in favor of Virginia Transportation and Doire. The offer was contingent on acceptance by both DeMarco and Woscyna. Although Woscyna was prepared to accept the offer, DeMarco rejected the offer by letter dated September 15, 2006.

The underlying tort action proceeded to trial on September 18, 2006. On September 22, 2006, a jury returned a verdict in favor of DeMarco in the amount of $2,053,795. With statutory interest, the total amount of the judgment was $2,801,939.07. On the same day, an attorney independently retained by Doire wrote to Travelers informing Travelers that it was Doire's

---

[7] The settlement offer was for the policy limits minus a prior $5,000 payment to DeMarco for medical coverage.

[8] Woscyna subsequently filed suit against Travelers in August 2006.

[9] National Grid's claim for damage to their utility poles later was settled personally with Virginia Transportation and Doire. The utility poles belonged to The Narragansett Electric Company, which now does business as National Grid.

[10] Travelers pressed its interpleader action, which was denied after Travelers failed to satisfy the justice of the Superior Court that it lacked a substantial interest in the outcome of the underlying tort action.

position that Travelers was responsible for the entire judgment entered against Doire in light of Travelers' failure to settle with DeMarco. Apparently, Virginia Transportation and Doire were now facing bankruptcy. Travelers again sought mediation, by letter dated October 30, 2006.[11]

On November 17, 2006, mediation commenced among DeMarco, Virginia Transportation, Doire, Woscyna, and Travelers. As a result of this mediation, Travelers paid the sum of $450,000 to Woscyna in exchange for a release of Virginia Transportation, Doire, and Travelers from all liability. Furthermore, Travelers agreed to pay $550,000 to DeMarco. DeMarco agreed to release both Virginia Transportation and Doire but conditioned that release upon an assignment of any claims Virginia Transportation and Doire might have against Travelers. The release specifically excepted Travelers "from any and all claims that Releasors may have against Travelers in any way arising from the Litigation or any aspect thereof." Virginia Transportation and Doire assigned "any and all claims and causes of action that [Virginia Transportation and Doire] may have" against Travelers to DeMarco. This assignment was made "in consideration of the General Release executed contemporaneously herewith[.]" Later, on January 3, 2007, the trial justice who presided over the underlying tort action entered an order that provided: "After hearing thereon and in consideration thereof judgment entered in favor of the plaintiffs on September 22, 2006, plus taxed costs in the amount of $5,879.32. Said judgment is satisfied in full."

On November 22, 2006, DeMarco commenced this action in Superior Court against Travelers, its counsel, and counsel's law firm. The first two counts of the six-count complaint sought: (1) a declaratory judgment in accordance with Asermely v. Allstate Insurance Co., 728

_____

[11] In this letter, Travelers' independently retained counsel acknowledged that the insureds' ability to contribute "to a settlement * * * will likely be extinguished if * * * DeMarco's judgment forces them into bankruptcy."

A.2d 461 (R.I. 1999), requiring Travelers to pay the entire judgment from the underlying tort action; (2) a declaratory judgment pursuant to § 27-7-2.2 declaring Travelers liable for prejudgment interest on the judgment in the underlying tort action. On September 23, 2008, a justice of the Superior Court granted summary judgment for plaintiff on counts one and two and denied defendant's cross-motion for summary judgment on counts one, two, three, and four.[12] Although the issues concerning the release were argued on summary judgment—and rejected by this Court on appeal—the effect (if any) of the judgment satisfied order had not been raised before the Superior Court. Final judgment on counts one and two, pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, subsequently was entered.[13] The defendant timely appealed; and, on July 12, 2011, this Court issued its opinion in DeMarco I, in which we vacated the judgment in count one and remanded that count for trial, and affirmed the judgment in count two.[14]

With respect to count one, this Court held that, because the circumstances of this case involved multiple claimants, it was a question of fact as to the reasonableness of Travelers' conduct with respect to the duty it owed its insureds under Asermely. See DeMarco I, 26 A.3d at 614. We remanded count one to the Superior Court for a trial. Id. at 615. We affirmed count two. Id. at 629. We concluded that the language of § 27-7-2.2 (the rejected settlement offer statute) was clear and unambiguous and required the insurer to pay both prejudgment and

---

[12] Count three alleges a breach-of-contract claim and count four is a claim for insurer bad faith.

[13] The judgment provided "Separate and Final Judgment pursuant to [Super. R. Civ. P] 54(b) is hereby entered for [p]laintiff on [c]ounts I and II."

[14] This Court "vacate[d] the grant of partial summary judgment as to Travelers' liability pursuant to the principles set forth in Asermely, but we affirm[ed] the ruling with respect to the applicability of the rejected settlement offer statute." DeMarco I, 26 A.3d at 629.

postjudgment interest. DeMarco I, 26 A.3d at 617. Moreover, we determined that the general release granted to Virginia Transportation and Doire did not foreclose DeMarco's ability to maintain the assigned claims against Travelers. Id. at 625-26. As we stated:

> "[I]t is our view that Travelers should not now be able to avoid having to deal with Mr. DeMarco's suit for excess damages by claiming that it obtained a release for its insureds—and that therefore the insureds had no claims to assign to Mr. DeMarco— when the only reason the insureds were released from liability was that they assigned to Mr. DeMarco the very rights that he is now seeking to assert against Travelers." Id. at 626.

Finally, we concluded that the Judgment Satisfied Order was not properly before the Court because Travelers had not raised the issue in Superior Court and that the raise-or-waive rule controlled. Id. at 629.

On remand, plaintiff sought a calculation of prejudgment interest. The Superior Court justice granted plaintiff's motion and determined that DeMarco I vacated final judgment on count one, but that the final judgment entered on count two remained undisturbed. Moreover, with respect to the judgment satisfied order, the Superior Court justice determined that Travelers had waived this argument with respect to count two and stated "to the extent it remains alive and impacts claims and counts other than [c]ount 2, [it] has not been properly presented in the context of today's motion." After analyzing three different approaches to assessing interest, the Superior Court justice ordered that interest be paid in the amount of $1,595,850.03. That calculation has not been challenged on appeal.

By order dated June 11, 2012, Travelers was to make payment to DeMarco by June 22, 2012. Travelers timely appealed from that order.[15] Despite the fact that additional claims remain pending before the Superior Court, final judgment had entered previously on count two

---

[15] Travelers also petitioned the Court for a writ of certiorari. The Court denied that petition on March 21, 2013.

pursuant to Rule 54(b) and was affirmed in DeMarco I. Additionally, we are of the opinion that the payment order contains sufficient elements of finality so as to invoke the jurisdiction of this Court. See McAuslan v. McAuslan, 34 R.I. 462, 472, 83 A. 837, 841 (1912).

## Standard of Review

"As we consistently have articulated, 'a claim of lack of subject[-]matter jurisdiction may be raised at any time.'" Long v. Dell, Inc., 984 A.2d 1074, 1078 (R.I. 2009) (quoting Pollard v. Acer Group, 870 A.2d 429, 433 (R.I. 2005)). The issue of subject-matter jurisdiction may be raised at any time, cannot be waived or conferred by either party, and can be raised sua sponte by the court. Rogers v. Rogers, 18 A.3d 491, 493 (R.I. 2011). Additionally, "[w]hether a court has subject[-]matter jurisdiction over a controversy is reviewed de novo by the Supreme Court." Ims v. Audette, 40 A.3d 236, 237 (R.I. 2012) (citing Sidell v. Sidell, 18 A.3d 499, 504 (R.I. 2011)).

## Analysis

On appeal, Travelers argues that the Superior Court was divested of subject-matter jurisdiction over count two because of the prior judgment satisfied order in the underlying tort action, despite the fact that this Court affirmed the judgment as to count two. Before this Court, Travelers seeks to amalgamate subject-matter jurisdiction with mootness. Travelers contends that DeMarco's § 27-7-2.2 claim for interest was rendered moot because, after the judgment satisfied order entered, there was no longer a justiciable controversy and, based on mootness, the Superior Court was divested of subject-matter jurisdiction. Because issues regarding subject-matter jurisdiction can never be waived and can be raised at any time, Travelers argues to this Court that the Superior Court justice erred in deciding that Travelers had waived its mootness argument. We reject this contention.

The judgment satisfied order was entered before our opinion in DeMarco I. In that case, we concluded that issues with respect to that order were not properly before the Court because they were not raised in Superior Court and therefore were deemed waived. DeMarco I, 26 A.3d at 629. Travelers now seeks to engage in a collateral attack on the judgment in count two—which this Court affirmed—by raising the judgment satisfied order. To the extent that Travelers invites us to revisit our holding in DeMarco I and entertain issues that previously were waived, we decline to do so.

We note that if, as Travelers argues, the judgment satisfied order rendered the controversy moot and stripped the Superior Court or this Court of subject-matter jurisdiction, then the same would have been true at the time of DeMarco I. These issues, however, were never raised in DeMarco I. Despite this unique posture, we briefly address Travelers' assertions of subject-matter jurisdiction and mootness.

"A challenge to subject-matter jurisdiction 'may not be waived by any party and may be raised at any time in the proceedings.'" Boyer v. Bedrosian, 57 A.3d 259, 270 (R.I. 2012) (quoting Pine v. Clark, 636 A.2d 1319, 1321 (R.I. 1994)). When considering claims for lack of subject-matter jurisdiction, we are "refer[ring] only to the court's power to hear and decide a case and not to whether a court having the power to adjudicate should exercise that power." Narragansett Electric Co. v. Saccoccio, 43 A.3d 40, 44 (R.I. 2012) (quoting Mesolella v. City of Providence, 508 A.2d 661, 666 (R.I. 1986)). Pursuant to G.L. 1956 § 8-2-14(a), the Superior Court "shall have exclusive original jurisdiction of all other actions at law in which the amount in controversy shall exceed the sum of ten thousand dollars ($10,000) * * *." (Emphasis added.) It cannot be disputed that DeMarco's § 27-7-2.2 claim met the threshold requirement of § 8-2-14(a). Furthermore, G.L. 1956 § 9-30-1 provides that the Superior Court has the power to

entertain declaratory-judgment actions. Thus, the Superior Court was vested with jurisdiction over DeMarco's § 27-7-2.2 claim for interest.

Mootness is a distinct concept, separate and apart from subject-matter jurisdiction. See Boyer, 57 A.3d at 271 (stating that a case may become moot "despite the court's retention of subject-matter jurisdiction" (citing Matos v. Clinton School District, 367 F.3d 68, 71 (1st Cir. 2004))). Concededly, some courts have treated mootness claims as implicating issues of subject-matter jurisdiction. See, e.g., In re Jorden R., 979 A.2d 469, 479 (Conn. 2009) ("Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [a] court's subject[-]matter jurisdiction[.]" (quoting In re Melody L., 962 A.2d 81, 106 (Conn. 2009))). In our view, however, while mootness ranks high on the justiciability spectrum, and may not be lightly overlooked, mootness does not equate with subject-matter jurisdiction. See Town Houses at Bonnet Shores Condominium Association v. Langlois, 45 A.3d 577, 582 (R.I. 2012) (deciding appeal of a moot case that fell within mootness exception); see also Honig v. Doe, 484 U.S. 305, 330 (1988) (Rehnquist, J., concurring) ("If our mootness doctrine were forced upon us by the case or controversy requirement of [U.S. Const.] Art. III itself, we would have no more power to decide lawsuits which are 'moot' but which also raise questions which are capable of repetition but evading review than we would to decide cases which are 'moot' but raise no such questions.").

It is well established that "a case is moot if the original complaint raised a justiciable controversy, but events occurring after the filing have deprived the litigant[s] of a continuing stake in the controversy." Bucci v. Lehman Brothers Bank, FSB, 68 A.3d 1069, 1079 (R.I. 2013) (quoting Boyer, 57 A.3d at 272). Additionally, "[i]f this Court's judgment would fail to have a practical effect on the existing controversy, the question is moot, and [the Court] will not render

- 10 -

an opinion on the matter." Id. (quoting City of Cranston v. Rhode Island Laborers' District Council, Local 1033, 960 A.2d 529, 533 (R.I. 2008)). A narrow exception to the mootness doctrine exists whereby a case that is moot may still be decided if it involves issues "of extreme public importance, which are capable of repetition but which evade review." Boyer, 57 A.3d at 281 (quoting Campbell v. Tiverton Zoning Board, 15 A.3d 1015, 1022 (R.I. 2011)). This could not occur, of course, if mootness divested the Court of subject-matter jurisdiction.

Having previously determined in DeMarco I that the release executed in favor of Virginia Transportation and Doire did not affect the claims assigned to DeMarco, DeMarco I, 26 A.3d at 626, Travelers now recycles the same arguments in the context of the judgment satisfied order, fashioned as mootness.[16] Specifically, Travelers attempts to evade liability based on the fact that their insureds, to whom they owed a fiduciary duty to protect from excess liability, see Asermely, 728 A.2d at 464; Medical Malpractice Joint Underwriting Association of Rhode Island v. Rhode Island Insurers' Insolvency Fund, 703 A.2d 1097, 1102 (R.I. 1997), secured the protection of the judgment satisfied order in the face of an otherwise imminent bankruptcy by

---

[16] The justice succinctly summarized the argument when she stated:

"As I understand Travelers' argument * * * an insurer would not be required to pay if its insured for some reason is excused or absolved from payment. That would be the case regardless of whether the payment sought from the insurer is based upon a direct claim or upon an assigned claim and regardless of whether it is for an excess judgment, a breach of contract claim, a bad faith claim, or for statutory interest under the Rejected Settlement Offer statute. This also would be the case regardless of whether the insured's escape from payment is the result of an assignment and release, a 'judgment satisfied' order, an agreement to permanently forbear from enforcing an execution, a discharge in bankruptcy, or some other means. The insurer would be entitled to the benefit of the insured's escape from liability or payment. * * * Thus, as I understand the argument, distilled, the 'Judgment Satisfied' order must be viewed in isolation, has independent legal significance, and trumps all."

The trial justice appropriately rejected this argument.

assigning to DeMarco their claims against Travelers.  We declared in <u>DeMarco I</u>, "an assignment of rights in a case such as this is 'a valuable means by which the insured may obtain protection from his insurance and by which the third party may obtain compensation * * *.'" <u>DeMarco I</u>, 26 A.3d at 626 (quoting Stephen S. Ashley, <u>Bad Faith Actions, Liability and Damages</u>, § 7:18 at 7-68 (1997)).  Additionally, we previously have upheld an insured's assignment of claims against its insurer and refused to:

> "obstruct an appropriate device for the payment of a claim by an <u>insurance carrier that has an obligation to its insured to absolve him of liability</u> without depriving itself of the right to pursue action against another insurance carrier that it considers to be wholly or partly liable for the loss." <u>Etheridge v. Atlantic Mutual Insurance Co.</u>, 480 A.2d 1341, 1345 (R.I. 1984) (emphasis added).

The judgment satisfied order that was entered in accordance with the assignment of rights does not alter the above quoted analysis.

The argument propounded by Travelers, that the judgment satisfied order rendered DeMarco's § 27-7-2.2 claim moot, amounts to the same form-over-substance analysis that we rejected unequivocally in <u>DeMarco I</u>, 26 A.3d at 624 (citing <u>Etheridge</u>, 480 A.2d at 1345).  The settlement between DeMarco, Virginia Transportation, and Doire provided that only after "the exchange of the [a]ssignment and the release" would the judgment be deemed satisfied, not that the claims would be extinguished.  Thus, the judgment satisfied order merely memorialized the parties' intentions as set forth in the settlement agreement.[17]  This is confirmed by a review of the hearing transcript, where the original trial justice who directed the entry of the order stated:

---

[17] In fact, at the hearing preceding the entry of the judgment satisfied order, counsel for DeMarco explicitly stated that "we've continuously taken the position that our settlement agreement was with Virginia and Leo Doire and had nothing to do with Traveler's [sic]. * * * So I don't want the record to reflect that we consent to any explanation down the road that we consented or agreed to any settlement with Traveler's [sic]."  In the face of this clear statement, in open court,

- 12 -

"clearly my concern * * * was that I wasn't looking immediately to inflict any undue harm on the defendant's business to see if there was some way to find a resolution through that which has been found. What happened is the settlement occurred and <u>an assignment of rights was given</u>, which I'm going to assume would shield the defendants from any further personal liability in this matter." (Emphasis added.)

In <u>DeMarco I</u>, 26 A.3d at 626, we declared,

"it is our view that Travelers should not now be able to avoid having to deal with Mr. DeMarco's suit for excess damages by claiming that it obtained a release for its insureds—and that therefore the insureds had no claims to assign to Mr. DeMarco— when the only reason the insureds were released from liability was that they assigned to Mr. DeMarco the very rights that he is now seeking to assert against Travelers."

See <u>Pinto v. Allstate Insurance Co.</u>, 221 F.3d 394, 404 (2nd Cir. 2000) ("It defies common sense to believe that [the injured plaintiff] contemplated receiving as consideration for her release of [the insured] a right of [the insured's] that no longer existed.").

Rather, it is precisely because DeMarco received an assignment of rights from Travelers' insureds that there exists a justiciable controversy. <u>See</u> <u>Etheridge</u>, 480 A.2d at 1346 (concluding that a justiciable controversy existed following an assignment of rights). DeMarco was assigned all claims that Travelers' insureds had against Travelers. We held that DeMarco's § 27-7-2.2 claim "encompass[ed] the case at bar and [is] to be applied on remand[.]" <u>DeMarco I</u>, 26 A.3d at 617. DeMarco's § 27-7-2.2 claim was not extinguished merely because the judgment satisfied order also entered. <u>See</u> <u>Black v. Goodwin, Loomis & Britton, Inc.</u>, 681 A.2d 293, 300 (Conn. 1996) ("An insurer may not hide behind the language of the policy after the insurer abandons its insured and the insured settles the claim by agreement." (quoting <u>Red Giant Oil Co. v. Lawlor</u>, 528 N.W.2d 524, 532 (Iowa 1995))). Moreover, judgment was affirmed by this Court on

Travelers' counsel remained silent; yet he raises the argument in this Court. Our decision in <u>DeMarco I</u> speaks loudly.

- 13 -

DeMarco's § 27-7-2.2 claim. DeMarco I, 26 A.3d at 629. Yet, the prejudgment interest award remains unpaid, demonstrating DeMarco's continuing stake in the controversy. See Bucci, 68 A.3d at 1079 (requiring that litigants maintain a continuing stake in the controversy).

In this case, it was in the insureds' pecuniary interests to assign their claims in exchange for a release, in order to escape financial ruin, thus allowing those claims to be litigated later between the assignee and the insurance company. The fact that the judgment satisfied order memorialized the clear intent of the parties does not render the claims moot.

Finally, the justice of the Superior Court was correct in her conclusion that this Court affirmed the entry of summary judgment on count two in DeMarco I.[18] In DeMarco I, after explicating the reasonableness test that needed to be applied to the Asermely claim which we vacated and remanded, we declared that § 27-7-2.2 was "neither complex nor ambiguous" and required that both prejudgment and postjudgment interest be assessed.[19] DeMarco I, 26 A.3d at 617. The Court concluded, "we vacate the grant of partial summary judgment as to Travelers' liability pursuant to the principles set forth in Asermely, but we affirm the ruling with respect to

---

[18] Indeed, as this seasoned trial justice noted on remand: "[t]he Supreme Court didn't, as Travelers says in its papers, reverse me on [c]ount 2. If it did, this is the first time in twenty-two years that I've not been able to recognize that I've been reversed."

[19] We note that the dissent seeks to condition any recovery on count two upon a determination on count one. Amalgamating the claims, the dissent is implicitly creating a reasonableness standard for § 27-7-2.2 claims, which standard is not found in the statute. This reasoning ignores our venerable rules of statutory construction. "When interpreting a statute, our ultimate goal is to give effect to the General Assembly's intent. * * * The best evidence of such intent can be found in the plain language used in the statute. Thus, a clear and unambigious statute will be literally construed." Martone v. Johnston School Committee, 824 A.2d 426, 431 (R.I. 2003) (citing Stebbins v. Wells, 818 A.2d 711, 715 (R.I. 2003)). In DeMarco I, we recognized our previous holdings that § 27-7-2.2 was "neither complex nor ambiguous." DeMarco I, 26 A.3d at 617 (quoting Skaling v. Aetna Insurance Co., 742 A.2d 282, 291 (R.I. 1999)). Thus, the Court must give the words of the statute their plain and ordinary meaning. It is clear from a review of the statute that there is no language which would suggest that § 27-7-2.2 liability is subject to a reasonableness standard, akin to an analysis under Asermely. Accordingly, such an analysis has no place in analyzing DeMarco's § 27-7-2.2 claim.

- 14 -

the applicability of the rejected settlement offer statute." Id. at 629 (emphasis added).  Thus, the Superior Court justice did not err in concluding that count two had been affirmed or in ruling that the payment order was consistent with our holding in DeMarco I.  A determination that the § 27 7-2.2 claim for interest was extinguished because the summary judgment decision provided that "Travelers * * * is liable for the judgment entered in [the underlying tort action], interest included, to the extent that judgment remains unsatisfied" would be favoring the form-over-substance argument that we repudiated in DeMarco I and reject herein.

## Conclusion

For the reasons stated in this opinion, the order of the Superior Court is affirmed.   The papers may be returned to the Superior Court.


**Justice Flaherty, with whom Justice Indeglia joins, dissenting in part and concurring in part.**  I agree, in part, with the holdings of the majority, that Travelers waived its arguments with respect to the judgment satisfied order and that the Superior Court had subject-matter jurisdiction over the dispute throughout the litigation.  I concur with the majority that Travelers failed to raise the judgment satisfied order as a possible defense and that the trial justice rightly concluded that the argument had been waived.  I also accept the reasoning of the majority that the Superior Court never was deprived of jurisdiction to resolve this case.  However, because it is my opinion that the imposition of excess interest under the provisions of G.L. 1956 § 27-7-2.2 is at best premature, I must respectfully dissent from the majority's holding in this case.

In Asermely v. Allstate Insurance Co., 728 A.2d 461, 464 (R.I. 1999), this Court plowed new ground when it seized the opportunity to promulgate a rule that addressed the vexing issues

- 15 -

that arise when a plaintiff's claim has the potential to exceed the available liability insurance coverage protecting a defendant. In essence, the Court held in Asermely that when a plaintiff offers to settle a claim for an amount that is within the policy limits, and the carrier declines to settle, the insurer is at risk if a later judgment exceeds the policy limit, including applicable interest. Id. The Court went on to say that an insurer's good-faith calculation about the value of a particular claim provides no safe harbor, and that the insurer, because of its fiduciary duty to its insured, must assume the risk of a judgment that exceeds the limits of the contract of insurance. Id. It is clear, however, that when it issued Asermely, this Court considered only claims that involved one plaintiff and one defendant.

In DeMarco v. Travelers Insurance Co., 26 A.3d 585, 609 (R.I. 2011) (DeMarco I), the Court was faced with a different and vastly more complicated situation that involved more than one serious claim against an insured who clearly lacked sufficient coverage to satisfy both, or perhaps either, claim without leaving the insured exposed, or even uninsured, against the other serious claim. Altering the contours of its Asermely holding to address this issue, the Court, with respect to count 1, vacated summary judgment in favor of plaintiff and remanded the matter for a factual determination on whether the insurer had acted reasonably and in its insured's best interest in handling the multiple claims. Id. at 615 ("In view of the fact that we have today explicated the parameters of the Asermely rule as it is to be applied in multiple claimant cases where the combined claims exceed the policy limits, it is necessary for us to vacate the grant of summary judgment for plaintiff with respect to count [1] of his complaint and remand for further findings of fact so that it can be determined whether or not Travelers met its duty to its insureds.") However, the Court affirmed summary judgment in plaintiff's favor with respect to

- 16 -

count 2, involving § 27-7-2.2, the so called "rejected-settlement offer" statute.[1]  DeMarco I, 26 A.3d at 617.

An essential element of the Court's decision in DeMarco I was that, irrespective of whether Travelers might be found liable on the merits of the Asermely claim, count 1, after remand, the summary judgment on the rejected-settlement offer statute, count 2, was affirmed. DeMarco I, 26 A.3d at 616-17.  On remand from this Court, and following this Court's mandate in DeMarco I, the trial justice granted a motion to calculate interest on count 2 and ascertained the excess interest due to DeMarco from Travelers, a determination from which Travelers timely appealed.

In its affirming of that judgment, there can be no doubt that this Court has literally applied a statute which it concluded was clear and unambiguous in its language.  DeMarco I, 26 A.3d at 617.  The language of that statute is indeed unequivocal and unmistakable.  Further, there is no debate that there was a demand to settle on behalf of DeMarco at the policy limit, a refusal to extend an offer to meet that demand, and an eventual judgment that surpassed the available policy limits.  Id. at 587-95.

However, it is perfectly clear to me that, similar to this Court's holding in Asermely, the statute anticipates a situation in which there is but one plaintiff and not, as here, multiple serious claims, any one of which might well exhaust the available coverage under the relevant policy of

---

[1] I dissented from the holding in DeMarco v. Travelers Insurance Co., 26 A.3d 585 (R.I. 2011) because it was my opinion that a general release that had been executed by the plaintiff in the named insureds' favor extinguished all rights of the parties in the case, and that, after defendants were absolved of all liability, with Traveler's money, there was nothing left to assign.  Id. at 629-34.  Because it was based on the release, the rationale for the dissent was overarching, and I therefore saw no reason for further discussion with respect to count 2.

insurance.[2]   Under the facts presented here, somewhat complicated by the Court's holding in DeMarco I, it is entirely possible that, after trial on remand of count 1, Travelers may be found to have acted reasonably in protecting the interests of its insured in the face of multiple serious claims yet nevertheless be responsible for enormous sums of interest on judgments involving those very claims.

For that reason, it is my opinion that the literal application of the rejected-settlement offer statute at this time, before it is determined whether Travelers has any liability whatsoever under count 1, could very well lead to an absurd result.  It is axiomatic that this Court will not construe a statute, even if it is clear and unambiguous, in a way that may lead to absurdity.  See Swain v. Estate of Tyre ex rel. Reilly, 57 A.3d 283, 289 (R.I. 2012); DaPonte v. Ocean State Job Lot, Inc., 21 A.3d 248, 251 (R.I. 2011); Skaling v. Aetna Insurance Co., 742 A.2d 282, 290 (R.I. 1999) (Skaling I); Commercial Union Insurance Company v. Pelchat, 727 A.2d 676, 681 (R.I. 1999).

Indeed, it seems to me that the only way that Travelers could have avoided the rather draconian impact of the majority's holding in this case would have been for it to pay out the entire policy limit to DeMarco and thus avoid the imposition of an enormous interest burden.  Of course, following that path would have left the insureds entirely unprotected against the also very substantial Woscyna claim.  Further, it would have resulted in, if not necessitated, Travelers placing its own financial interests over the fiduciary duty that it owes to its insureds, something that this Court has said in the strongest terms an insurance carrier may not do.  See DeMarco I, 26 A.3d at 613; Skaling v. Aetna Insurance Co., 799 A.2d 997, 1012 (R.I. 2002) (Skaling II); Bolten v. Quincy Mutual Fire Insurance Co., 730 A.2d 1079, 1080-81 (R.I. 1999); Asermely,

---

[2] It is noteworthy that G.L. 1956 § 27-7-2.2 employs only singular words throughout, suggesting that the General Assembly only intended the excess interest statute to apply in single plaintiff cases.

- 18 -

728 A.2d at 464; <u>Medical Malpractice Joint Underwriting Association of Rhode Island v. Rhode Island Insurers' Insolvency Fund</u>, 703 A.2d 1097, 1102 (R.I. 1997).

Given these applications, it is my opinion that the only reasonable interpretation of § 27-7-2.2 would be to wait until Travelers' liability, or lack thereof, has been determined after trial on count 1.[3]  If found not to be liable, then, in my opinion, Travelers should bear no burden for excess interest with respect to count 2.  If, on the other hand, a factfinder concludes that Travelers, in keeping with this Court's holding in <u>DeMarco I</u>, did not act reasonably in light of its fiduciary duties to its insureds, it would be liable for the entire judgment under the principles set forth in <u>Asermely</u> and for all the interest on that judgment pursuant to § 27-7-2.2.

For these reasons, I respectfully dissent from the majority's opinion in this case.

---

[3]  I do not agree with the majority's characterization of the dissent as creating a reasonableness standard for § 27-7-2.2.  Certainly it is true that we employ a time-honored rule of construction literally applying the plain language of an unambiguous statute.  However, the rule that a clear and unambiguous statute will not be literally applied if to do so would lead, as I believe it does here, to an absurd result, is equally venerated.  Please see citations above, <u>supra</u>.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     Wayne DeMarco et al. v. Travelers Insurance Company et al.

**CASE NO:**     No. 2012-309-Appeal.
(PB 06-6103)

**COURT:**     Supreme Court

**DATE OPINION FILED:**   November 18, 2014

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Patricia A. Hurst

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Robert A. D'Amico II, Esq.

For Defendant:  Anthony R. Zelle, *Pro Hac Vice*