May 10, 2021

**Supreme Court**

No. 2019-406-Appeal.
(PP 17-4786)

Estate of John P. Garan.                   :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Estate of John P. Garan.                    :

Present: Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ.

## O P I N I O N

**Justice Lynch Prata, for the Court.** The appellant, Virginia Garan, has appealed from a judgment of the Superior Court following the grant of summary judgment in favor of the appellee, Laurel Conway, on the basis that the appellant failed to perfect her probate appeal to that court, under the requirements of G.L. 1956 § 33-23-1. This case came before the Supreme Court for oral argument on March 31, 2021, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After hearing counsel's arguments, reviewing the record below, and carefully considering the memoranda submitted by the parties, this Court is satisfied that cause has not been shown. Therefore, we will decide the appeal at this time. For the reasons set forth below, we reverse the decision and vacate the judgment of the Superior Court.

- 1 -

## Facts and Travel

The appellant is the surviving spouse of the decedent, John P. Garan, a former Pawtucket attorney. Although they were still married, appellant and Mr. Garan had been living separately when he died on May 25, 2015, after being hospitalized with cancer. The appellant subsequently objected to probate of Mr. Garan's last will and testament, which had been executed on October 4, 2014. The contested will named appellee, Mr. Garan's married secretary and former college girlfriend, as executrix and left his law firm assets to her. The appellant contended that the will was procured and drafted under circumstances that raised questions concerning undue influence and lack of testamentary capacity.

After hearing testimony and examining documents submitted to the court, the judge of the Pawtucket Probate Court issued a written decision and order on September 7, 2017. The probate judge found that decedent had testamentary capacity, that his will was duly executed, and that there was no evidence to support the allegation of undue influence; consequently, she admitted the will to probate and appointed appellee as executrix.

Nineteen days after the entry of the decision and order, on September 26, 2017, appellant filed her claim of appeal in the probate court. She returned later the

same day to file a second version of the claim of appeal, largely identical to the first.[1] Form language included on both claims stated that the undersigned claimant "request[s] a certified copy of said claim[.]" She paid at least $1.50 for a copy to the clerk that day.

A legal administrative assistant for appellant's subsequently retained counsel visited the probate court clerk's office on October 4, 2017, requesting and obtaining certified copies of appellant's two claims of appeal and paying fees totaling $10.18 for certified copies of both. On October 6, 2017, appellant filed her reasons of appeal in the Superior Court, again alleging a lack of testamentary capacity and undue influence. Included with her filing was the certified copy of her second claim of appeal, which copy had been issued by the probate court on October 4, 2017.

In her answer, appellee alleged as her first affirmative defense that appellant had failed to perfect her appeal. The appellee later filed a motion for summary judgment, reiterating her contention that appellant had failed to perfect her appeal under §§ 33-23-1 and 33-23-8. In support of her motion, appellee submitted an affidavit from Holly St. Jean, a municipal clerk at the Pawtucket Probate Court. Ms.

---

[1] The first claim of appeal stated that appellant was aggrieved by the probate court's actions, because it "[d]enied claim of undue influence, denied challenge to testamentary capacity, denied Petition objecting to appointment of Executrix, including related issues." The second claim restated the complained-of actions as having "[d]enied claim of undue influence; denied challenge to testatmentary [*sic*] capacity; denied Petition objecting to appointment of Executrix."

St. Jean stated that "[w]hen anyone appears in person at the clerk's office to order a certified copy, it is the practice of the office to issue the certified copy that same day."

The appellant opposed the motion for summary judgment, claiming to have complied with the statutory requirements for perfecting her appeal. As evidence, she submitted two affidavits and two receipts showing payments totaling $11.68 in fees at the probate court clerk's office therewith. In her supplemental memorandum in reply to appellant's opposition to the motion for summary judgment, appellee contested the sufficiency of the fees documented by the receipts, providing a list of fee amounts from the Pawtucket Probate Court indicating that certified copies cost at least $3 and asserting that the fees were required to be paid within the statutory filing period. The appellant then filed a surreply, attaching an amended affidavit wherein she alleged that she had requested and paid for a certified copy of the first claim of appeal using a $10 bill without obtaining a receipt.

At the initial hearing on appellee's motion, the hearing justice reserved her decision and scheduled a subsequent hearing, to allow appellee additional time to respond to appellant's reply and amended affidavit. The appellee thereafter filed a limited reply, arguing that the absence of any proof of a written request for a certified copy of the second claim of appeal was dispositive of appellant's failure to perfect her appeal. The appellee also argued that appellant's failure to produce evidence

demonstrating that she paid for a certified copy within the statutory period proved that she did not comply with the statute. Included in the reply was a second affidavit from Ms. St. Jean.

At the subsequent summary judgment hearing, appellee again claimed that appellant had failed to file a written request for a certified copy: "There is just simply no evidence before this [c]ourt that she complied with the jurisdictional requirement to file a request for a certified copy and pay the clerk the fees." The appellee did agree that "there is no requirement that the certified copy date-stamped from the date of appeal is necessary to be filed in the [S]uperior [C]ourt." The appellant argued that her amended affidavit provided sufficient evidence that she had requested and paid for a certified copy of the first claim of appeal.[2]

The hearing justice granted the motion for summary judgment, making the following findings. First, the hearing justice found that it was "absolutely undisputed that a notice of appeal was filed within the first * * * 20-day period." Second, the hearing justice found that "the evidence does not show" that appellant made "a request for a certified copy of the claim." The hearing justice noted that, in two separate affidavits, appellant never claimed to have requested a certified copy

---

[2] After noting that neither affidavit from appellant stated that she made a request to the clerk for a certified copy of her second claim of appeal, the hearing justice stated that the second affidavit was "obtuse" as to appellant's failure to procure a certified copy of that claim. However, the hearing justice also stated that she was "certainly not making credibility determinations on a motion for summary judgment."

of the second claim, which she "clearly intended to be the operative notice of appeal." The hearing justice again found that the second affidavit was "vague, and it skirts the issues." Therefore, given her finding of "no showing" that "the appellant requested and paid for a certified copy of the second notice of appeal[,]" and her understanding that the statute required strict compliance, the hearing justice granted the motion for summary judgment.

Judgment entered for appellee, affirming the probate court decree and denying and dismissing appellant's appeal. Thereafter, appellant timely appealed to this Court.

**Standards of Review**

"This Court reviews *de novo* a trial justice's decision granting summary judgment." *Glassie v. Doucette*, 157 A.3d 1092, 1096 (R.I. 2017) (quoting *Sola v. Leighton*, 45 A.3d 502, 506 (R.I. 2012)). "Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (brackets omitted) (quoting *Sola*, 45 A.3d at 506). "Only when a review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's grant of

summary judgment." *Id.* (quoting *Sola*, 45 A.3d at 506). "Summary judgment is a drastic remedy, and a motion for summary judgment should be dealt with cautiously." *Id.* (brackets omitted) (quoting *Cruz v. Daimler-Chrysler Motors Corp.*, 66 A.3d 446, 451 (R.I. 2013)).

"This Court considers questions involving the timing of appeals brought under § 33-23-1 as statute of limitations questions." *Estate of Hart v. LeBlanc*, 853 A.2d 1217, 1218 (R.I. 2004). Thus, our review is also *de novo* for such questions of "statutory interpretation, including the question of whether a statute of limitations has run against a plaintiff's claim." *Kelley v. Jepson*, 811 A.2d 119, 121 (R.I. 2002). "When a statute is 'clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings.'" *In re Estate of Chelo*, 209 A.3d 1181, 1184 (R.I. 2019) (quoting *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I. 1996)).

**Discussion**

On appeal, appellant alleges that the Superior Court justice committed reversible error by granting summary judgment, asserting that she did comply with the statutory requirements of § 33-23-1 to perfect her probate appeal.

Filing "a timely claim of appeal" is "a step which this Court has described as the 'all-important condition precedent for the taking of an effective appeal.'" *Ims v. Audette*, 40 A.3d 236, 239 (R.I. 2012) (second quote quoting *Jolicoeur Furniture*

*Co. v. Baldelli*, 653 A.2d 740, 748 (R.I. 1995)); *see* Joseph R. Weisberger, *Rhode Island Appellate Practice*, commentary 4.1 at 19 (1993). Section 33-23-1, titled "Filing of claim of appeal, record, and reasons," reads, in pertinent part:

> "(a) Any person aggrieved by an order or decree of a probate court (hereinafter 'appellant'), may, unless provisions be made to the contrary, appeal to the [S]uperior [C]ourt for the county in which the probate court is established by taking the following procedure:
>
> "(1) Within twenty (20) days after execution of the order or decree by the probate judge, *the appellant shall file*, in the office of the clerk of the probate court, a claim of appeal to the [S]uperior [C]ourt and *a request for a certified copy of the claim* and *shall pay the clerk his or her fees therefor*.
>
> "(2) Within thirty (30) days after the entry of the order or decree, the appellant shall file, in the [S]uperior [C]ourt, a certified copy of the claim and the reasons of appeal specifically stated, to which reasons the appellant shall be restricted, unless, for cause shown, and with or without terms, the [S]uperior [C]ourt shall allow amendments and additions thereto.
>
> "* * *
>
> "(c) The deadline of subdivisions (a)(1) and (a)(2) are jurisdictional and may not be extended by either the probate court or the [S]uperior [C]ourt." (Emphasis added.)

As the hearing justice pointed out, the procedural requirements of § 33-23-1(a)(1) require three things from an aggrieved party seeking to appeal an order or decree of the probate court: the appellant must, within 20 days of the decree, (1) file their claim

of appeal to the Superior Court in the office of the clerk of the probate court, (2) file a request for a certified copy of their claim, and (3) pay the relevant fees.

This Court has long interpreted the procedural requirements for filing a probate appeal as mandating strict compliance. *See Dugdale v. Chase*, 52 R.I. 63, 64, 157 A. 430, 430-31 (1931) (holding that, because the "probate court has exclusive original jurisdiction in matters relating to the probating of wills[,]" the "statutory procedure authorizing an appeal from the probate court to the [S]uperior [C]ourt must be strictly complied with"). "Because these provisions deprive the Superior Court of the authority to exercise its jurisdiction, they 'may not be extended by a sympathetic trial justice,' and the Superior Court may not overlook an appellant's failure to comply." *Ims*, 40 A.3d at 238 (quoting *Griggs v. Estate of Griggs*, 845 A.2d 1006, 1009 (R.I. 2004)). This Court has stated that "[t]he purpose of requiring a party to file the reasons of appeal is, first, to provide notice to the opposing party of what is at issue, and second, to restrict the appellant during his or her appeal to only the issues listed within the reasons for appeal." *Mendes v. Factor*, 41 A.3d 994, 1002 (R.I. 2012).

As an initial matter, it is undisputed that appellant filed her claim of appeal in the probate court within the twenty-day statutory window. *See* § 33-23-1(a)(1); *see also Walquist v. Hodson*, 53 R.I. 322, 323, 166 A. 546, 547 (1933) ("The decree is entered on the day it is made by the probate court, and the time for claiming an

appeal therefrom is computed from that date."). Additionally, because the differences between the two claims filed were *de minimis*, amounting to the elimination of surplus verbiage that was neither substantive nor material, there is no question that either of appellant's two filed claims was "sufficient to provide notice and to confine the appeal to those enumerated issues" identically stated in both. *Mendes*, 41 A.3d at 1003. It is also undisputed that a certified copy of the second claim was filed in the Superior Court within the thirty-day time limitation of § 33-23-1(a)(2).

The only remaining issues in dispute as to the perfection of appellant's appeal relate to the timeliness of her request for a certified copy of her claim and her payment of the relevant fees. Because our review here is *de novo*, we examine the evidence in the record regarding both of these remaining issues in turn. *See In re Estate of Chelo*, 209 A.3d at 1184; 5 C.J.S. *Appeal and Error* § 905 (Mar. 2021 Update) ("When a standard of de novo review on appeal is applied, the court's review is plenary and independent, with no deference to the trial court, looking to the issue with fresh eyes and considering the matter anew.") (footnotes omitted).

**Request for a Certified Copy**

The appellant argues that she requested a certified copy of her claim of appeal or, in the alternative, that there is a genuine issue of material fact as to whether she did, based upon the competing affidavits of appellant and Ms. St. Jean.

In *Ims*, cited *supra*, we clarified our holding in *Lett v. Giuliano*, 35 A.3d 870 (R.I. 2012),[3] stating that it did not establish "a good-faith defense to the jurisdictional prerequisites" of § 33-23-1 generally. *Ims*, 40 A.3d at 238.  In doing so, we pointed out that, "[i]n *Lett*, there was no dispute that the appeal properly had been claimed and the record transmitted[,]" and reiterated that "the appealing party in *Lett* had submitted the relevant documents within the requisite time frame[.]" *Id.* at 238, 239.  This is also true in the instant matter.

The hearing justice, in granting appellee's motion for summary judgment, based her decision almost entirely on the absence of evidence that appellant had submitted a timely request for certification of her claim.  Yet, each Claim of Appeal form submitted to the Superior Court as evidence very clearly states, on its face, that the undersigned claimant "request[s] a certified copy of said claim[.]"

In vacating the Superior Court's denial of relief under G.L. 1956 § 9-21-6 in *Duffy v. Estate of Scire*, 111 A.3d 358 (R.I. 2015), this Court found that where "plaintiffs' counsel made a clear and explicit request for a copy of the record[,] no reasonable person need have done more[.]" *Duffy*, 111 A.3d at 367.  Here, as in *Kelley*, cited *supra*, appellant "complied with the twenty-day requirement of

---

[3] Our holding in *Lett v. Giuliano*, 35 A.3d 870 (R.I. 2012), was based on the Court's prior "clear pronouncement that *failure to submit a single transcript as part of a larger probate record* should 'rarely if ever' be cause for dismissal when a party has made good faith efforts to comply with § 33-23-1[.]" *Lett*, 35 A.3d at 876 (emphasis added) (citing *Estate of Hart*, 853 A.2d 1217, 1219 n.1 (R.I. 2004)).

§ 33-23-1(a)(1)" when she not only "filed with the Probate Court [her] claim of appeal to the Superior Court[,]" but "also requested a certified copy of the claim[.]" *Kelley*, 811 A.2d at 122. Our review of the admissible evidence, viewed in the light most favorable to appellant, reveals that summary judgment was not justified as to appellant's request for a certified copy of her claim, as there was competent evidence before the Superior Court proving the existence of a disputed issue of material fact. *See Glassie*, 157 A.3d at 1096; *Bettez v. Bettez*, 114 A.3d 82, 85 (R.I. 2015).

**Payment of Fees**

The appellant also contends that she paid all fees requested by the probate court clerk's office in filing and requesting a certified copy of her claim of appeal.

Unlike the defendant in *Ims*, the appellant in the case at bar did not completely fail to pay the requisite filing fees for appealing a decision of the probate court.[4] *See Ims*, 40 A.3d at 239. While there are no fees to file the claim of appeal itself, the probate court does charge fees for certified copies. However, the record shows that either appellant or her agent paid fees for certified copies of both claims. Furthermore, unlike the plaintiffs in *Duffy*, a case that also dealt with the question of

---

[4] General Laws 1956 §§ 33-23-1(i) and (j), relied on in *Ims v. Audette*, 40 A.3d 236 (R.I. 2012), established mandatory fees to be paid by an appealing party and stated that probate court clerks were not required "to make arrangements for or advance the costs" of producing a transcript. *Ims*, 40 A.3d at 239. These sections were eliminated from the statute in 2014. *See* P.L. 2014, ch. 314, § 1.

untimely payment of probate fees, appellant's ultimate filing of her reasons of appeal in the Superior Court was timely. *See Duffy*, 111 A.3d at 361-63.

Here, there is no question that some fees requested by the probate court clerk were paid by appellant within the twenty-day period contemplated by § 33-23-1(a)(1). The appellant submitted a receipt dated September 26, 2017, for $1.50, and an affidavit that stated she also gave the clerk's office a $10 bill. However, the hearing justice found that there was no evidence that appellant paid for a certified copy of the second claim of appeal, which the hearing justice deemed the operative claim, within the twenty-day statutory time frame.

As a general matter, it is true that amended pleadings in the Superior Court supersede any earlier pleadings, which are then disregarded as inoperative. *See Grieco v. Perry*, 697 A.2d 1108, 1110 (R.I. 1997) (holding that an "original complaint is superseded at the time of the filing of the amended complaint"). Yet, as mentioned *supra*, the two claims of appeal filed by the appellant with the probate court were virtually identical, and the eliminated language amounted to mere surplusage. *See Brown v. Church of Holy Name of Jesus*, 105 R.I. 322, 326, 252 A.2d 176, 179 (1969) (stating that "any matter pleaded which, if stricken, would leave a good pleading before the court * * * may be disregarded"). The record shows that the appellant has claimed that she paid sufficient fees for a certified copy of the first claim of appeal and that the probate court clerk has indicated in her affidavit

that, when a certified copy is requested, it is the practice of the clerk's office to issue that copy the same day. Consequently, we hold that the appellant perfected her probate appeal, and we therefore reverse the decision of the Superior Court granting summary judgment in favor of the appellee.

## Conclusion

For the reasons stated herein, we vacate the judgment of the Superior Court denying and dismissing the appellant's probate appeal. The papers may be remanded to the Superior Court.

Justice Long did not participate.



## STATE OF RHODE ISLAND

### SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Estate of John P. Garan. |
| **Case Number** | No. 2019-406-Appeal.<br>(PP 17-4786) |
| **Date Opinion Filed** | May 10, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa A. Darigan |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Brittanee Nicole Bland, Esq.<br>Charles N. Redihan, Jr., Esq. |
| | For Defendant:<br><br>Bernard A. Jackvony, Esq.<br>Rebecca M. Murphy, Esq. |